327 So.2d 391 (1976)
STATE of Louisiana
v.
Joseph Leon CHASE, Jr.
No. 57056.
Supreme Court of Louisiana.
February 23, 1976.
*392 William E. Woodward, Clinton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia P. Branton, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
The grand jury of West Feliciana Parish returned an indictment on January 25, 1974 charging that Joseph Leon Chase, while armed with a dangerous weapon, robbed Mrs. Bertha Harrell on April 21, 1973 in violation of Article 64 of the Criminal Code (La.R.S. 14:64). He was tried on June 17, 1974; the jury found him guilty, and he was sentenced to be imprisoned for 99 years.
Five assignments of error are contained in the record and are relied upon in this appeal for reversal of the conviction and sentence.
On Easter Sunday morning, April 21, 1973, deputy sheriff Billy Travis received a call informing him that a robbery had taken place at Harrell's Grocery on Highway 66 in West Feliciana Parish. Upon arrival at the store he found the body of Bertha Harrell lying slumped against boxes in the storeroom of the grocery. She had been mortally wounded. Twenty-four stab wounds had been inflicted over the upper part of her body. Her glasses were broken and there was a great deal of blood on and around the body. The coroner reported that she had met a violent death.
The victim's bedroom adjoining the store had been ransacked. Purses in which she usually kept large quantities of money had been emptied and the contents strewn about. The money was missing. A pistol the victim usually kept in a bedroom of the living quarters adjoining the store was also missing. A diamond ring worn by the victim the night before was no longer on her finger, and money she usually kept on her person was missing.

Assignment Nos. 1 and 2
In a motion for bill of particulars prior to trial, defendant requested a list of the witnesses the State intended to call during the trial, together with information concerning any physical evidence relating to the alleged crime, including fingerprints and analysis of fingerprints. The trial judge refused to compel the State to furnish the requested information and that ruling is the basis of this assignment of error.
Defense counsel acknowledges in brief that the principle of pre-trial discovery has not been approved by this Court, except in certain limited instances not present here, and it is also noted that the State did furnish particulars to six of the nine requests made by the defense.
On repeated occasion this Court has held that the defense is not entitled to the list of witnesses the State intends to call at the trial. E. g., State v. Burkhalter, 260 La. 27, 255 So.2d 62 (1971). Nor has this Court ever required the State to produce fingerprints or other evidentiary reports or documents in its possession except written confessions. State v. White, 321 So.2d 491 (La.1975). To the contrary, this Court has often declared that the question of pre-trial discovery of the State's evidence by the defendant is properly a matter for legislative action. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967). In this regard, the Legislature has declared that disclosure is not required of records, or information contained therein, held by the offices of the attorney general, district attorney, sheriffs, police departments, marshals, investigators, correctional agencies, investigative agencies, or intelligence agencies of the State pertaining to pending or anticipated criminal litigation. La.R.S. 44:3.
These assignments have no merit.

*393 Assignment No. 3

Over the objection of the defense the trial judge permitted two deputy sheriffs, state's witnesses, to testify to the content of a written statement given to them by defendant on January 14, 1974, but which defendant did not sign. Prior to trial, the State advised the defense that it proposed to introduce into evidence at the trial the following:
"A waiver of rights signed by the defendant on January 14th, 1974 at the West Baton Rouge Parish jail office in Port Allen, Louisiana. Said waiver signed by defendant in the presence of Deputy Wm. Daniels and Deputy Pete Turner with attached statement of a page and two thirds, read by the defendant, sworn to be true and correct, but refused to sign it."
Defense counsel argues that a request in his motion for bill of particulars was such that the State should have furnished the statement prior to trial in response to that request. The motion contained a request for written statements, admissions or confessions by the defendant which tended to negate the guilt of the defendant.
In the July 14, 1974 statement defendant declared that he was last in West Feliciana Parish at Christmas time in 1972. He denied that he had ever attempted to buy a pistol from R. T. Harrell, the victim's husband, or that he had ever handled such a pistol except a .22 rifle when he hunted with Harrell. Also, he denied that he knew whether the Harrells owned a pistol. According to his statement, on the night of the crime he was at the Shed-Dran Motel on Greenwell Springs Road in Baton Rouge with a girl named Tiny.
The statement is entirely exculpatory and did not amount to an admission of guilt or a confession, and it was not regarded as such by the State or the trial judge. Therefore, the State answered the defense request for a bill of particulars by stating that it had no such statements. While the later notice that it intended to introduce the statement during the trial, required by Article 768 for confessions or inculpatory statements, would seem to be inconsistent with its refusal to produce the statement in advance of trial because of its exculpatory nature, the procedure does not alter the exculpatory nature of the statement.
The rule of law established by State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945), which requires the pre-trial production of defendant's written confessions in the possession of the State, does not extend to statements which are purely exculpatory. The State is not required to disclose the existence of an exculpatory statement in advance of trial, if the statement is not suppressed and is later disclosed during the progress of the trial. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A motion for a bill of particulars cannot be used to compel production of State's evidence which is not otherwise subject to pre-trial discovery, except when the trial judge, in his discretion, finds that the evidence is necessary, in fairness, to permit the defendant to properly defend the charge. The discretion of the trial judge has not been abused here.
This assignment is without merit.

Assignment No. 4
When the State rested, defense counsel moved for a directed verdict on the ground that all the evidence was "insufficient" to sustain a conviction in this matter. A motion for a directed verdict so grounded presents no question for review by this Court. Only motions for directed verdicts based upon the contention that there is no evidence at all to support the charge or an essential element thereof present questions for this Court's determination. State v. Douglas, 278 So.2d 485 (La.1973).
*394 In brief here the defense argues that the State failed to prove that the defendant committed the theft of anything of value as Article 64 [1] of the Criminal Code, defining robbery, requires. There were no eyewitnesses to the crime, and the State failed to establish that any of the items alleged to have been taken during the robbery were ever recovered. As our brief statement of the facts in the beginning of this opinion discloses, there was strong circumstantial evidence that money, the gun and a diamond ring were taken during the robbery. This is some evidence, and we cannot judge its sufficiency.

Assignment No. 5
In a motion for a new trial the defense reiterates the grounds asserted in its assignments of error, which have been considered and found to be without merit. In addition, the defense brief asserts that no statement in the record by the trial judge shows that he reviewed the evidence prior to denying the defense motion, and this constitutes an error patent on the face of the record.
The trial judge was present at the trial and heard all of the evidence. If he did not review the evidence again in ruling on the motion for a new trial it was because he considered this to be unnecessary. It is noted, moreover, that when the motion for a directed verdict was made, presenting the same issue, and defense counsel inquired of the judge whether he should argue the evidence, the judge stated that he had heard the evidence. Whereupon, defense counsel stated "That's right, Your Honor, that's the reason why I wouldn't consider it necessary to go into detail and take up time. . . ." This assignment has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs with reasons.
TATE, J., joins in Mr. Justice CALOGERO'S concurring opinion.
DENNIS, J., concurs with reasons.
DIXON, J., dissents with reasons.
CALOGERO, Justice (concurring).
I respectfully concur.
With respect to assignments of error numbers one and two, I agree with the view expressed by Justice Dixon in his dissenting opinion. La.R.S. 44:3 exempts from the provisions of the Louisiana Public Records Act records of investigative and prosecutorial offices, which pertain to pending criminal litigation. The Public Records Act is misinterpreted by the majority and is not relevant to the issues of this case. This misinterpretation, however, does not affect the conclusion reached by the majority that these assignments are without merit.
Additionally, although I agree that assignment of error number three is without merit, I disagree with the language and reasoning contained therein. See Work of the Appellate Courts, 34 La.L.Rev. 197, 428, 461 (1974).
DENNIS, Justice (concurring).
I respectfully concur. However, I find it unnecessary to discuss La.R.S. 44:3 because in my opinion it is not applicable to this case.
*395 DIXON, Justice (dissenting).
I respectfully dissent.
R.S. 44:1 et seq. is the Louisiana Public Records Act. 44:3 exempts from the provisions of the act certain records (of investigative and prosecutorial offices) which pertain to pending criminal litigation. The Public Records Act is misinterpreted by the majority, and is irrelevant to the issues of this case.
Nor can I agree that Assignment No. 3 is without merit. The State should have disclosed the evidence of the statement in advance of trial, upon request by the defendant.
NOTES
[1] La.R.S. 14:64 provides:

"A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."