PER CURIAM.
On May 1,1975, the Orleans Parish Grand Jury indicted defendant, Thomas Brown, Jr., for the crime of aggravated rape, a violation of La.R.S. 14:42. He was convicted by a unanimous jury and sentenced to death, the penalty then required by law.
We have reviewed the single assignment of error urged by defendant on appeal and find it to be without merit. Defendant complains of the trial court’s refusal to order extended pre-trial discovery. The decisions of this Court holding that a defendant is not entitled to the requested information are legion. He is entitled to know what the State intends to prove but not the evidence to be used. See, State v. Hunter, 340 So.2d 226 (La.1976); State v. Huizar, 332 So.2d 449 (La.1976); State v. Jones, 332 So.2d 267 (La.1976); State v. Ball, 328 So.2d 81 (La.1976); State v. Chase, 327 So.2d 391 (La.1976). Furthermore, the case of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is not apposite here because defendant has neither alleged nor shown that the information and evidence sought were favorable to the defense. State v. Edgecombe, 275 So.2d 740 (La.1973). A discussion of defendant’s individual requests would neither clarify our holding nor contribute to the jurisprudence and consequently we have decided to accord them only summary treatment in this opinion. See, State v. Duhon, 340 So.2d 151 (La.1976).
However, the death penalty imposed must be annulled and set aside in accordance with the decisions of the United States Supreme Court in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) and Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 50 L.Ed.2d 1212 (1976).
The case must be remanded for resen-tencing of defendant to the most serious *2 penalty for a lesser included offense at the time the crime was committed (February 23, 1975). State v. Lee, 340 So.2d 180 (La.1976), State v. Craig, 340 So.2d 191 (La.1976); State v. Watkins, 340 So.2d 235 (La.1976); State v. Sledge, 340 So.2d 205 (La.1976). At that time, attempted aggravated rape was punishable by imprisonment at hard labor for not more than twenty years, La.R.S. 14:27(D)(1), and simple rape was punishable by imprisonment at hard labor for not less than one nor more than twenty years, La.R.S. 14:43. The legislature obviously intended to impose the most serious penalty available under the law. In this case, although there is a range of from one to twenty years, the most serious penalty is twenty years at hard labor. Thus, we direct the trial court on remand to sentence defendant to imprisonment at hard labor for a period of twenty years.
Accordingly, the conviction is affirmed and the case is remanded for resentencing.