359 So.2d 143 (1978)
STATE of Louisiana
v.
Russell PETTA.
No. 61219.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*144 James Burnett Aime, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Russell Petta, was convicted of perjury, La.R.S. 14:123, following a judge trial and sentenced to two years at hard labor. Execution of the sentence was suspended and defendant was placed on two years active probation. On appeal defendant relies upon eleven assignments of error.[*] For the reasons given below we affirm.
During an Orleans Parish special grand jury inquiry into alleged involvement of policemen in the commission of various burglaries, the defendant, a police officer, was called before the grand jury to testify. In his testimony the defendant denied having made telephone calls for the purpose of suborning a witness to one of the burglaries. On the basis of this testimony the defendant was indicted by the grand jury for perjury.
ASSIGNMENTS OF ERROR NOS. 1, 2, 4 and 10
These assignments relate to attempts by the defendant to show irregularities in the grand jury proceedings in which he was indicted for perjury. Prior to trial defendant unsuccessfully moved to examine *145 the entire transcript of the grand jury proceedings relative to the investigation in which he was called to testify. The State provided defendant with a copy of his testimony but refused to let him examine the entire transcript. During the trial defense counsel attempted to question the grand jury foreman and an assistant district attorney about the evidence presented to the grand jury which resulted in the defendant being charged with perjury. The court sustained the State's objection on the ground that the evidence sought was not relevant to any issue justiciable at trial. The ruling was correct. The excluded evidence was perhaps relevant to prove a defect in the contents or form of the indictment which may be grounds for a motion to quash. La.C.Cr.P. art. 532 et seq. Since the defendant did not file a motion to quash, however, the grounds were waived. La.C. Cr.P. art. 535. The objectionable evidence was not relevant to any issue capable of being decided by the court upon trial of the case, and it was therefore properly declared inadmissible.
These assignments are without merit.
ASSIGNMENT OF ERROR NO. 3
During the trial the State introduced into evidence a transcript of the testimony given by the defendant at the grand jury proceedings. Defense counsel initially objected on the ground that the best evidence of defendant's alleged perjurious testimony would have been the tape recording of the testimony. The trial judge agreed to listen to the recording in addition to reading the transcript. Although defendant's attorney approved of this procedure, he objected to the filing of the transcript into the record. Defendant does not contend that the assigned error resulted in a miscarriage of justice, is prejudicial to his rights, or constitutes a substantial violation of a constitutional or statutory right.
This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 5, 6 and 7
In these assignments defendant contends that tape recordings and transcripts of two telephone conversations between himself and a third party, Phillip Pravata, were inadmissible as evidence because the conversations were taped in violation of the federal statutes dealing with the interception of oral communications by electronic means, 18 U.S.C. § 2510 et seq., and in violation of defendant's rights derived from the Fourth Amendment. The contentions are without merit.
Under the federal statutes dealing with the interception of oral communications, prior judicial authorization for the interception is unnecessary if one of the parties to the communication has consented to such interception. 18 U.S.C. § 2511(2)(c) provides:
"(c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."
The record reflects that Pravata gave his consent to the New Orleans police to have recording equipment placed on his telephone so that conversations with the defendant could be recorded. Under these circumstances there was no violation of the federal statutes.
In United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) the Supreme Court held that the Fourth Amendment did not require exclusion of evidence of conversations between the defendant and a government informant which were monitored by government agents through a radio transmitter concealed on the informant. The Court reasoned that the defendant had no expectation of privacy that the conversation would not be passed on to police agents.
These assignments do not present reversible error.
ASSIGNMENT OF ERROR NO. 8
In this assignment the defendant contends in his brief that the trial court *146 improperly curtailed his examination of a witness which precluded him from impeaching the credibility of the State's key witness.
While questioning Captain Martin, a police officer, defense counsel asked him if Pravata, another State's witness, had told him about a conversation between Pravata and defense counsel. The State objected contending the testimony was not admissible as an exception to the hearsay rule because no predicate had been laid to impeach Pravata through a prior inconsistent statement. La.C.Cr.P. art. 493. Defense counsel made no argument in support of the admissibility of the testimony and the trial court sustained the State's objection.
Because no grounds were made known at trial to support the admissibility of this evidence, this objection was not preserved for our review. La.C.Cr.P. art. 841. Moreover, the State is correct in its contention that no predicate had been laid to impeach Mr. Pravata. A reading of Pravata's testimony indicates that he was never given an opportunity to acknowledge or deny a conversation with Captain Martin. Under La. R.S. 15:493, the foundation for proof of a contradictory statement was not established. See, State v. Redwine, 337 So.2d 1041 (La.1976).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 11
In defendant's motion for a bill of particulars he requested the State to provide him with the "correct" answers to the questions to which he allegedly gave untruthful responses at the grand jury proceedings. The State refused to answer this request and the trial court ruled that defendant was not entitled to the information. Defendant contends that the information was necessary for preparation of his defense.
An accused must be informed of the nature and cause of the accusation against him. La.Const.1974, Art. 1, § 13. However, a motion for a bill of particulars does not entitle the defendant to discover the State's evidence or of the details of the State's case. State v. Hunter, 340 So.2d 226 (La.1976); State v. May, 339 So.2d 764 (La. 1976).
We find no error in the trial court's refusal to order the State to provide defendant with the requested information. The indictment in this case, which set forth the portions of defendant's testimony alleged to be false, was sufficient to inform the defendant of the nature and cause of the charges against him.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 12
At the close of the State's case defendant unsuccessfully moved for an acquittal on the ground that the State had not proven essential elements of the crime of perjury, i. e., that the statements made by him were material to the issues under investigation by the grand jury and that he knew his statements to be false. La.R.S. 14-123.
As we stated in State v. Occhipinti, 358 So.2d 1209 (La.1978), materiality of false testimony is a matter of law for determination by the court rather than a factual question. The defendant contends that whether or not he called Pravata after the burglaries occurred was not material to the grand jury investigation of police involvement in certain burglaries. We disagree. The questions posed to the defendant were directed toward establishing police involvement in a certain burglary at City Park and an attempt by the police officers involved to cover up their implication in that burglary through communications with Pravata. Defendant's denial before the grand jury that he contacted Pravata, a City Park policeman, to aid in the cover-up was a statement relating to a matter material to the issues and questions before the grand jury.
We further find that the trial court was correct in denying the motion for acquittal on the ground that there was no evidence that defendant knew his statements to be false. The State introduced the defendant's grand jury testimony and *147 the tape recordings of the telephone calls between defendant and Pravata. This latter evidence tended to show that defendant knew his statements before the grand jury were false.
This assignment lacks merit.
For the reasons assigned defendant's conviction and sentence are affirmed.
NOTES
[*] Assignment of error number nine was waived by the defendant.