408 So.2d 1337 (1982)
STATE of Louisiana
v.
Orman WALTERS.
No. 81-K-2181.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied February 19, 1982.[*]
*1338 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, David R. Paddison, John H. Craft, Asst. Dist. Attys., for plaintiff-relator.
Frank G. DeSalvo, Michele Gaudin, for defendant-respondent.
CALOGERO, Justice.
We granted writs in this case upon the state's complaint that the trial judge had no authority to order the state to furnish defendant Walters the names and addresses of actual and potential state witnesses.[1]
The Code of Criminal Procedure chapter on Discovery and Inspection, as amended in 1977 (Act 515 § 1) and particularly Article 723 thereof, "does not authorize the discovery... of statements made by the witnesses or prospective witnesses." Interestingly the Code does not make reference to names and addresses of witnesses in this context. We determine that this codal disclaimer relative to statements of state witnesses, and the absence of provisions relative to names and addresses of state witnesses, does not statutorily prohibit the discovery of the names and addresses of state witnesses. Furthermore, there is authority in the trial judge under the due process clauses of the federal and state constitutions to order pre-trial discovery where he considers that fundamental fairness requires it; and there is also the traditional discretion of the trial judge in matters of discovery complementing due process considerations which this Court has consistently respected absent the finding of abuse of discretion.
For these reasons and those which follow, we uphold the ruling of the trial court in this instance.
On March 1, 1981, patrolman Orman Walters of the New Orleans Police Department while dressed in civilian clothes and assigned to the "lost children" detail along the Canal Street portion of the New Orleans Bacchus Mardi Gras parade route, fired one shot from his revolver which injured two people. As a result of the incident, Officer Walters was indicted by the grand jury and charged with two counts of negligent injury.
Usually defense counsel might through normal investigative means find the names and addresses of witnesses to an incident. This is not likely the case in this factual situation. Any number of thousands of people may have witnessed the shooting which formed the basis of the offense, and many of these people quite likely were visitors to the city for Mardi Gras. Those present and watching the Bacchus parade on Canal Street on the night of March 1, 1981 numbered in the thousands; those in the immediate vicinity of the incident in the hundreds. The potential area from which the witnesses draw is nationwide, given the attraction of Mardi Gras and the downtown location of the parade in close proximity to more than a handful of major hotels. Defense counsel, not without plausible argument, submits that he could not prepare an adequate defense through normal investigative means.
The trial judge's pro-defense ruling was prompted by considerations of fundamental fairness.
*1339 The State argues that this Court should strictly construe the discovery articles in the Code of Criminal Procedure. Since there is no specific provision for the discovery of the state's witnesses in the Code, the production of the names and addresses of prospective witnesses should not be allowed under any circumstances. On the other hand, the defendant argues that not providing him with the list of witnesses under the special and unusual circumstances of this case would effectively limit his ability to put on a defense, thereby denying him his constitutional right to counsel and due process of law. The fact that the Louisiana Code of Criminal Procedure does not expressly provide for the production of a list of witnesses interviewed by the prosecution must yield to the denial of constitutional rights, he contends.
It is of course true that a defendant does not have a right to the names and addresses of state witnesses. State v. Jackson, 362 So.2d 1082 (La.1978); State v. Passman, 345 So.2d 874 (La.1977); State v. Jenkins, 338 So.2d 276 (La.1976); State v. Chase, 327 So.2d 391 (La.1975); State v. Knight, 323 So.2d 765 (La.1975); State v. Thomas, 310 So.2d 517 (La.1975).
However as noted hereinabove, Article 723 of the Code of Criminal Procedure relative to state information and disclosure merely provides:
"This chapter does not authorize the discovery or inspection ... of statements made by the witnesses or prospective witnesses,... to the district attorney, or to agents of the state." (emphasis provided)
This article does not prohibit the discovery of the names and/or addresses of state witnesses, or even for that matter the discovery of statements made by state witnesses.
This construction is in keeping with that given by the federal courts to similar articles of the Federal Code of Criminal Procedure, source provisions for the Louisiana discovery articles.[2] At a proceeding on an order for the United States to show cause why it should not make the names and addresses of prospective witnesses available to the defense, a United States district judge for the Northern District of Ohio allowed such discovery, notwithstanding vigorous opposition by the government, and observed in, United States v. Moceri, 359 F.Supp. 431 at 434-435 (D.Ohio 1973):
Essentially, the Government contends that the Court may not order such production because the discovery is not yet required by the Federal Rules of Criminal Procedure or by Act of Congress. This argument lacks substance, ...
In the absence of an express prohibition, this Court may, in the proper exercise of its discretion, order the Government to produce the requested information. (citing Fed.R.Cr.P. 57(b))[3]
(Emphasis in original)
By comparison with the federal provisions and La.C.Cr.P. art. 723, C.Cr.P. art. *1340 728 relative to defense information and disclosure, provides that "... this Chapter does not authorize the discovery ... of statements made by witnesses or prospective witnesses ... or of the names of defense witnesses or prospective defense witnesses." (Emphasis provided.) So the federal provisions and La.C.Cr.P. art. 723 in providing what is not authorized [by "This Chapter ..."] as relates to state held information merely allude to the statements of witnesses, while C.Cr.P. art. 728 in providing what the chapter does not authorize as relates to defense held information, specifically provides that the chapter does not authorize the discovery of the names, as well as the statements, of defense witnesses. On the basis of simple statutory construction, the difference is obvious and there seems to be, therefore, an intentional legislative disclaimer on the state's discovery of the names of witnesses which is not paralleled as relates to defense discovery. This latter observation is pertinently noted at 38 La.L.Rev. 170 (1977).
Furthermore unless contrary to law, rulings of the trial judge in pre-trial matters are generally shown great deference by this Court absent a clear showing of abuse of discretion.[4]See, e.g. State v. Burch, 365 So.2d 1263 (La.1978); State v. Thornton, 351 So.2d 480 (La.1977); State v. Huizar, 332 So.2d 449 (La.1976); State v. Nelson, 306 So.2d 745 (La.1975); State v. Vince, 305 So.2d 916 (La.1974).
It has long been a mainstay of concepts of fundamental fairness, due process and the constitutional right to counsel that a defendant and his attorney have the opportunity to prepare adequately for trial. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). To so allow under the special facts of this case, the trial judge in his discretion granted defendant's motion and ordered the Assistant District Attorney to provide defense counsel with the names and addresses of witnesses that the State had interviewed.
The trial judge has the legal authority to do so; and in this case he did not abuse his discretion in choosing to do so.

Decree
For the foregoing reasons the ruling of the trial judge is affirmed.
RULING AFFIRMED.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
Neither the discovery articles of the Code of Criminal Procedure nor the jurisprudence permits discovery by a defendant of the names and addresses of state witnesses. Accordingly, I respectfully dissent.
NOTES
[*] Marcus and Blanche, JJ., would grant a rehearing.
[1] Actually the discovery query in the motion for bill of particulars, the pro-defense ruling on which prompted the state's complaint, asked for "the names and addresses of all witnesses interviewed by the district attorney's office and/or any other state agency."
[2] Fed.R.Cr.P. 16(a)(2) provides in pertinent part:

Information Not Subject to Disclosure [by the Government]
... this rule does not authorize the discovery... of statements made by government witnesses or prospective government witnesses.
Fed.R.Cr.P. 16(b)(2) provides in pertinent part:
Information Not Subject to Disclosure [by the Defendant]
... this subdivision does not authorize the discovery ... of statements made ... by government or defense witnesses, or by prospective government or defense witnesses.
[3] Fed.R.Crim.P. 57(b) states:

"(b) If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."
Louisiana has a similar article to allow the court's discretion in instances where there is no applicable statutory provision.
La.C.Cr.P. art 3 provides:
Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.
[4] It is also worth mentioning at this juncture that this discretion on the part of the trial judge to grant the defense motion for discovery of the names and addresses of witnesses interviewed by the state, or not to do so, includes as an alternative the right to place restrictions or limitations on a discovery order favorable to the defense, in order to minimize or avoid any oppressive consequences to the state.