411 So.2d 451 (1982)
STATE of Louisiana
v.
Booker T. WASHINGTON.
STATE of Louisiana
v.
David GLASS.
No. 82-K-0572.
Supreme Court of Louisiana.
March 26, 1982.
PER CURIAM.
Reversed and remanded for further proceedings.
At the hearing on the discovery motions urged in each of these cases, the trial judge granted the defendant's motion to discover the names, addresses and telephone numbers of state witnesses, with the precautionary order that the information be used solely for the purpose of preparing a defense. The trial judge relied upon this Court's decision in State v. Walters, 408 So.2d 1337 (La.1982).
In the cases before us there was no determination that there exist peculiar and distinctive reasons why fundamental fairness dictates discovery. Nor does the record reflect any such showing by the defendant. Therefore we reverse the ruling of the trial judge and return the cases to the district court for re-trial of the discovery motions.
MARCUS, J., concurs and assigns reasons.
BLANCHE, J., concurs and assigns reasons.
WATSON, J., concurs, and notes that Walters should be very narrowly construed being a unique situation.
MARCUS, Justice (concurring).
I dissented in State v. Walters, 408 So.2d 1337 (La.1982), because neither the discovery articles of the Code of Criminal Procedure nor the jurisprudence permits discovery by a defendant of the names and addresses of state witnesses. Hence, the trial judge erred in the instant cases in ordering the state to provide defendants with the names, addresses and telephone numbers of its witnesses. Accordingly, I concur only in the reversal of the rulings of the trial judge.
BLANCHE, Justice (concurring in the reversal of the trial judge's ruling).
State v. Walters, 408 So.2d 1337 (La.1982) permitted discovery of the names and addresses of the state's witnesses because C.Cr.P. art. 723 does not prohibit the same. *452 This writer is of the opinion that it is wrong to permit discovery of this information because the defense is not entitled to such information for any reason. See my dissent in State v. Walters, supra. If the defendant was not entitled to the protection of the Fifth Amendment, this writer would be for unlimited discovery by either the accused or the state. However, defendant is entitled to such protection and fundamental fairness would seem to prohibit the state from having to divulge the names and addresses of its witnesses under such circumstances.