SCHOTT, Judge.
Defendant was indicted for committing perjury while testifying at a trial in the Civil District Court for the Parish of Orleans. He filed a motion to quash the indictment on the ground that it was so vague that he was unable to prepare a defense and alternatively applied for a bill of particulars. The state filed a bill of particulars but refused to disclose certain requested information. Following a hearing on the motions the trial court denied the motion to quash and with one exception denied the motion to compel the state to disclose requested information.
Attached to the grand jury indictment were excerpts from defendant’s testimony in Civil District Court on November 9,1981, which contained the allegedly false statement. These included a negative response to a question as to whether he had been able to go to other race tracks around the country as a result of being ejected and barred from the Fairgrounds in New Orleans, affirmative responses that he had been barred effectively from other tracks, he had tried other tracks, was told because of the Fairgrounds situation that he was barred, and had been barred specifically from the Louisiana Downs Racetrack during the previous racing season, denials that he had been in a racetrack parking lot with one Danny Coates during the previous season and had even been in a car with Mr. Coates, and a denial that he had traveled to a racetrack in Nebraska. The trial court permitted the state to amend the indictment to allege that defendant’s perjury included his denial of being in the Louisiana Downs parking lot with Danny Coates. (The original indictment did not specify any particular track). Defendant has applied for supervisory writs assigning six errors in the trial court’s refusal to order the state to furnish the defense with:
I.the basis upon which the State expects to prove that Solow lied in stating that he was not ‘able’ to go to other tracks,
II.the precise location of race tracks in which it expects to prove that So-low was present,
III. the precise time and date of such attendance;
IV. in refusing to order the State to furnish the defense with the names and addresses of witnesses it intends to call at the trial of this case, particularly witnesses by whom the State intends to prove the appearance of defendant Solow at particular race tracks.
V.in refusing to order the State to specify the time and date in which it expects to prove Solow was present in an automobile with Daniel Coates,
VI.in permitting the State to amend the indictment to allege that the question, ‘Were you in the parking lot with Danny Coates this past season?’ to mean the parking lot of Louisiana Downs.”
ASSIGNMENT OF ERROR I
Defendant contends that he is unable to prepare a defense to the case because the indictment is vague. He argues that he might have been telling the truth, depending on what meaning is assigned to the word “able” in the question asked of him. When the question is read in the context of the other questions it is clear that he was being asked whether his ejectment from the Fairgrounds created a bar to his attendance at the race tracks around the *1175 country, and he answered that it did. He has been indicted for answering that question falsely. Quite obviously he knows the state will attempt to prove that he has been in attendance at other tracks so he knows what he must defend against. Furthermore, any ambiguity or vagueness in the question would operate to defendant’s advantage since the state must prove that he intended to respond falsely to the question as he understood it. The less specific the question the more difficult it will be for the state to prove the offense. Consequently, this assignment has no merit.
ASSIGNMENTS OF ERROR II AND III
By these assignments defendant seeks the location of race tracks where So-low was supposedly present and the time and date of his attendance there. Defendant’s ejectment from the Fairgrounds occurred in May, 1981, and the perjury allegedly occurred in November; thus, the time frame is a specific near six month period.
Defendant cites no authority for his position that he is entitled to these specifics and he fails to demonstrate that he will be deprived of a fair trial without these details. Moreover, while the state might have evidence of his attendance at other tracks, the context of the questions asked of defendant in the Civil District Court hearing makes it clear that what the state intends to prove is that defendant did go to a specific race track in Nebraska and his attendance there provides the basis for the perjury charge against him.
These assignments are much like No. 11 in State v. Petta, 359 So.2d 143 (La.1978) which the court rejected and have no merit here.
ASSIGNMENT OF ERROR IV
In support of this assignment defendant relies on State v. Walters, 408 So.2d 1337 (La.1982). However, that case seems to weaken rather than support defendant’s position. There the court recognized the general rule that a defendant does not have a right to the names and addresses of state witnesses but found that C.Cr.P. Art. 723 did not prohibit the trial judge within his discretion from ordering the state to disclose such information. The bottom line of the cited case is that the trial court did not abuse his discretion and we fail to see an abuse of discretion in the instant case. We are not persuaded that defendant will be prejudiced in defending himself against the issue that he did go to the Nebraska race track as the state tries to prove he perjured himself in November, 1981, when he denied having been there. This assignment has no merit.
ASSIGNMENTS V AND VI
Defendant took affirmative action in the trial court to require the state to disclose where defendant was allegedly in a parking lot with one Danny Coates. During the hearing on the motion the trial judge ordered the state to amend the indictment to allege that the parking lot was the one at Louisiana Downs. Now having gotten the information he sought, defendant would have the indictment thrown out because he contends that the trial court cannot amend the indictment. We are cited no authority for this proposition and under the circumstances here the amendment was made at the behest of the defendant. We deem his action to be a waiver of any complaint as to the amendment. In this court the state has further amended its bill of particulars to disclose that it intends to prove that defendant was with Coates at the Nebraska Track between April 20 and May 5, 1981, and at Louisiana Downs in October, 1981, thus mooting the balance of these assignments of error.
Accordingly, the application is denied.
DENIED.