422 So.2d 1297 (1982)
STATE of Louisiana
v.
Freddie HINES.
No. K-0198.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1982.
Harry F. Connick, Dist. Atty., Jack Peebles, Frank Bruno, Asst. Dist. Attys., New Orleans, for relator.
Murray, Murray, Ellis, Braden & Landry, Michael H. Ellis, Julian R. Murray, Jr., Jacobs, Loeffelholz & Trestman, Joel P. Loeffelholz, Alan B. Tusa, New Orleans, for respondent.
Before GULOTTA, BYRNES and LOBRANO, JJ.
GULOTTA, Judge.
In this writ application, the State complains the trial judge erred when she ordered *1298 the State to produce information requested in defendant's application for a bill of particulars.
The defendant-respondent was charged with first-degree murder and attempted murder for allegedly shooting to death one victim and severely wounding the victim's female companion. Pursuant to LSA C.Cr.P. Art. 484, defendant filed a motion for a bill of particulars consisting of seventy-two requests. At a hearing on the motion, the trial court ordered the State to respond to seven particulars to which the State objected.
Specifically, relator claims the court erred in ordering the State to: 1) search for arrest and conviction records of state witnesses and provide them to the defense; 2) provide the defense with the names and addresses of witnesses it intends to call; 3) provide to defendant the exact room or place within the house where the defendant was located when he allegedly fired the shots; and 4) state the number of spent pellets in the house, and the number and location of bullet holes, spent casings and cartridges.
Regarding the arrest and conviction records of its witnesses, the State did not object to producing any information in its possession, but objected to being ordered to seek out new information in the absence of a showing of need by defendant. We agree.
Citing State v. Washington, 407 So.2d 1138 (La.1982) this court, in State v. Williams, (K-0006), set aside an order of the trial court which had ordered the State to search for conviction records of its witnesses.
In Washington, the Louisiana Supreme Court held the trial court did not err in refusing to require the State to provide the defendant with arrest and conviction records of State witnesses after it has been ascertained by the court that the State did not have in its possession any "rap sheets" except the ones furnished to the defense, and that the State had no knowledge of any other "rap sheets". See also State v. Harvey, 358 So.2d 1224 (La.1978).
In our case the trial judge ordered, over the State's objection, production of criminal records of State witnesses when the State indicated it did not have such records. The objection by the State met the requirement of Harvey and Washington since the State indicated it did not have "knowledge or possession" of such records. See also State v. Moore, 414 So.2d 340 (La. 1982). Accordingly, we conclude the trial judge erred in ordering the State to seek out and produce records it did not then know of or possess.
Likewise, we agree with the relator that the court erred in ordering the State to provide the defense with names of witnesses it intended to call. Although generally a defendant is not entitled to the names and addresses of State witnesses [State v. Passman, 345 So.2d 874 (La.1977)], where a determination has been made that "there exist peculiar and distinctive reasons why fundamental fairness requires such discovery", no prohibition of the right of discovery exists. See C.Cr.P. Art. 723; State v. Washington, 411 So.2d 451 (La.1982) and State v. Walters, 408 So.2d 1337 (La.1982). In recent writ applications, this court and the Supreme Court set aside the trial court's order requiring production of the list where no showing had been made of a violation of fundamental fairness or the existence of peculiar and distinctive circumstances. See State v. Thibodeaux, (K-0161) and State v. Smith, 418 So.2d 515 (La.1982).
In the instant case, the defense had access to a partial list of witnesses, but the State declined to disclose which witnesses it intended to use and indicated it intended to call witnesses (not eyewitnesses) who were not on the list. The defendant's attorney stated he had "counselled" with his client and had "made other independent investigations" to find additional witnesses, but was unsuccessful. Under the circumstances, we conclude that no showing has been made that fundamental fairness has been violated or that there existed peculiar and distinctive circumstances requiring disclosure by the State. That is, no showing has *1299 been made that defendant could not prepare an adequate defense through normal investigative means. State v. Walters, supra. Accordingly, we conclude the trial judge erred when she compelled the State to provide the defense with the names and addresses of witnesses it intends to call at trial.
We further conclude the trial judge erred in ordering the State to provide defendant with the exact location in the home where defendant allegedly fired the shots in question, the exact number of spent pellets, and the number and location of bullet holes, spent casings and cartridges.
Although a defendant is entitled to inspection of tangible objects or physical evidence (see LSA-C.Cr.P. Art. 718), the State cannot be compelled to disclose how it intends to use that evidence. As was stated in State v. Walker, 344 So.2d 990 (La.1977)... "a bill of particulars may not be used to discover the details of the evidence with which the State expects to prove its case."
In the instant case, the State has not only furnished to the defendant a crime scene report containing much of the requested information, but also has agreed to allow full inspection of any physical evidence it has in its possession. To require the State to disclose each and every detail of its case is inconsistent with the purposes of a defendant's right to ask for a bill of particulars and/or a motion for discovery. Under these circumstances, we conclude the trial judge erred in requiring the State to furnish this information.

DECREE
Accordingly, we rescind and set aside the trial judge's orders insofar as they compel the State, in response to the defendant's motion for bill of particulars: 1) to specify the precise location of the defendant within the house at the time of the alleged crime; 2) to specify the number and location of bullet holes found at the crime scene; 3) to give the number of spent pellets found at the crime scene; 4) to give precise locations and number of spent casings and cartridges found at the crime scene; 5) to produce the names and addresses of the State's witnesses and 6) to "run rap sheets", i.e., to search for and produce arrest and conviction records as far as they exist of all "lay" witnesses of the State.
The matter is remanded to the trial court for further proceedings.
WRIT GRANTED.
RESCINDED; SET ASIDE AND REMANDED.