ORDER
Granted in part. Denied in part.
We find no abuse of discretion in the trial court’s in limine ruling that the state may introduce the details of defendant’s prior convictions at the sentencing phase of the trial. See State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988). The trial court retains the discretion to exclude or limit the evidence at the sentencing phase if the court finds that the testimony will confuse or mislead the jury, La.C.Ev. art. 403, and the defendant will have an adequate remedy on appeal if convicted.
As to defendant’s 1965 conviction in California and his 1968 conviction in Florida, however, the state is directed to provide defense counsel with the names and addresses of the witnesses it intends to call. The remoteness of these out-of-state convictions, and the apparent loss or destruction of the trial record of both convictions, constitute particular and distinctive circumstances justifying disclosure on grounds of fundamental fairness to afford the defendant adequate opportunity to prepare for the sentencing hearing. State v. Walters, 408 So.2d 1337 (La.1982).
With the furnishing of this information, we find no abuse of discretion in the denial of funds for investigative assistance at this stage of the proceedings.