LEMMON, Justice,
concurs in the denial of the application.
In the appropriate case this court should grant certiorari and reconcile our orders in State v. Laird, 551 So.2d 1310 (La.1989) and State v. Miles, 569 So.2d 972 (La.1990) with prior decisions in which entitlement to the names and addresses of witnesses for the prosecution was denied, State v. Loyd, 425 So.2d 710 (La.1982), at least in the absence of exceptional circumstances, State v. Walters, 408 So.2d 1337 (La.1982).
In the exercise of our supervisory jurisdiction we may fashion a procedure, after briefing and argument in an adversarial process, perhaps allowing prior criminal records of state witnesses either to be subpoenaed for trial or to be produced in advance of trial if the judge determines in camera that the witnesses’ credibility is critical to the prosecution and the criminal record (or a portion thereof) would be admissible at trial (for example, as possible impeachment evidence), subject to a protective order concerning the identity of the witness if security problems are involved.