_J_iMURRAY, Judge,
dissenting.
The majority acknowledges that a trial court’s pretrial rulings are entitled to great deference unless contrary to law, and that under these facts, the confidential informant’s identity must be disclosed. Without pointing to anything that prohibits the district court’s discovery order, however, that ruling is reversed as “unwarranted.” Because I find that the trial court properly balanced the defendant’s fundamental rights with the State’s interest in protecting informants, as required under Article 514 of the Code of Evidence, I must respectfully dissent.
Ms. Stallworth faces life imprisonment at hard labor, without benefit of probation or suspension of sentence, under La.R.S. 40:966 *749 B(l). The State concedes that the sole basis for the pending charge is a transaction between the defendant and the informant, unaccompanied by any other government agent. Despite prior orders by the court, the only information the State provided before October 5, 1998 was the Cl’s name. While the majority acknowledges that the defense is entitled to the informant’s name and address prior to trial, its reversal of the district court’s order renders such disclosure meaningless. Ms. Stallworth’s counsel has detailed his efforts to locate the witness on his own before he learned that the informant was apparently in federal custody, causing the State’s need for several continuances of the scheduled trial. In my view, there was no abuse of ^discretion in the district court’s determination that these facts warranted a departure from precedent.
Additionally, I find that the discovery order at issue was carefully crafted to balance the competing interests of the parties. By specifying that the State’s sole witness against the defendant should be produced for an interview in the courthouse or at the prosecutor’s office, the informant’s whereabouts will remain unknown to anyone who might present a threat prior to trial. Thus, both the defendant’s constitutional rights as well as the State’s interest in protecting its informant are served. State v. Walters, 408 So.2d 1337 (La.1982).