BELSOME, J.,
DISSENTS WITH REASONS
|J concur in lifting the stay, but dissent in all other respects. Ordering an attorney to testify as to an incident involving her client and recusing the attorney as his acting counsel does appear to be an extreme remedy. However,-a trial judge has vast discretion in making such pretrial determinations.[1] As recognized by the majority, the State’s burden is not to show that no other witness could testify as to what Ms. Murphy observed, but rather to .show that what she witnessed is necessary to prove the State’s case.'Although there may be a number of witnesses to the incident as well as audio and video recordings of the events giving rise to the State’s subpoena request, the trial judge is in the best position to determine the necessity of Ms. Murphy’s testimony in the matter. The hearing transcript indicates that the State informed the court that Ms. Murphy is a necessary witness because she “was in a unique position as she was standing next to the defendant a the incident evolved” and “there is no one else who was present in court on that day who could give the State’s perspective as to how things unfolded, why things unfolded and what actually occurred in the courtroom on that day.” Therefore, I cannot say that the trial court abused its discretion in finding that Ms. Murphy’s testimony is necessary to the State’s case and thus granting the State’s subpoena as'well as recusing Ms. Murphy as M.J,’s counsel. I would deny the writ.

. See State v. Walters, 408 So.2d 1337, 1340 (La. 1982) ([U]nless contrary to law, rulings of the trial judge in pre-trial matters are generally shown great deference by this Court absent a clear showing of abuse of discretion,[1]’)