432 So.2d 1201 (1983)
STATE of Louisiana
v.
William MARTINEZ.
No. K-0927.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1983.
Writ Denied June 27, 1983.
*1202 Clifford E. Cardone, New Orleans, for Martinez.
Harry F. Connick, Dist. Atty., Bruce Whittaker, Asst. Dist. Atty., New Orleans, for the State.
Before GULOTTA, GARRISON and KLEES, JJ.
GULOTTA, Judge.
Defendant-relator, charged with possession of cocaine in violation of R.S. 40:967, seeks supervisory writs to reverse the trial court's denial of his request for discovery and his motion to suppress evidence. Specifically, defendant claims the trial court erred: 1) in refusing to require the State to disclose the analytical techniques (type of tests) employed by the State's chemists on contraband seized in defendant's residence; 2) in failing to permit defendant, at the hearing on his motion to suppress evidence, to examine a police officer-affiant concerning the quantity of cocaine seen by an informant in defendant's residence and whether defendant offered it to the informant for consumption in its entirety; and 3) in finding that the informant was reliable to support issuance of the search warrant. We deny the writ.
Defendant's arguments concerning discovery of the identity of the scientific tests on the contraband are groundless. The State has furnished defendant with a copy of a "Report of the Crime Laboratory" indicating a positive result for cocaine, and a sample of the contraband for his own independant testing. Under these circumstances, absent a showing of prejudice to defendant, we find no error in the trial judge's refusal to permit further discovery of the analytical methods of the State's chemists. See C.Cr.P. Art. 719.
Also without merit are defendant's contentions concerning the quantity of cocaine observed by the informant and whether it was offered for consumption in its entirety. Probable cause exists when the facts stated in the affidavit are sufficient to support a reasonable belief that an offense has been committed and that evidence of contraband may be found at the place to *1203 be searched. State v. Guidry, 388 So.2d 797 (La.1980).
According to the warrant application in the instant case, defendant offered cocaine in his residence to the named informant, a former employee and tenant of defendant, who had previously seen drugs in defendant's house, car and place of business, including some cocaine and marijuana in his car the prior week. The affidavit further recited that a second named informant, stated that defendant was "always involved with narcotics", including cocaine. The warrant was signed two days after the first informant's observation in defendant's residence. Under these circumstances, we conclude the affidavit contains information warranting a reasonable belief that illegal drugs might reasonably be expected to be found in defendant's residence. We cannot conclude the trial judge erred when he denied the defendant the opportunity to question a police witness regarding the quantity of cocaine seen and whether it was offered for consumption in its entirety.
We likewise reject defendant's contentions concerning the reliability of the informant. According to defendant, the informant who had observed the cocaine in defendant's apartment was unreliable because she was attempting to "get back" at the defendant for his actions in evicting her from her apartment and firing her from her job, and her "ulterior motive" in complaining to the police destroys her credibility. We disagree.
An affidavit based on hearsay must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. A factor that supports credibility is direct personal observation by the informant. See State v. Paciera, 290 So.2d 681 (La.1974).
In the instant case, the named informant was well acquainted with defendant and had personally observed the illegal drug in his residence. Her information was corroborated by the assertions of a second informant who attested to defendant's possession of narcotics. See State v. Roubique, 421 So.2d 859 (La.1982). The suggestion of the informant's vengeful motives does not defeat her credibility under the circumstances of our case. We find no error.
Accordingly, the application is denied.