461 So.2d 1046 (1985)
STATE of Louisiana
v.
Scott LINGLE.
No. 84-KK-1636.
Supreme Court of Louisiana.
January 14, 1985.
*1047 Robert Glass, Glass & Reed, New Orleans, for defendant-applicant.
William Guste, Atty. Gen., Harry F. Connick, Dist. Atty., E. Sue Bernie, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.
The question in this murder case is defendant's right to production of the state's crime scene technician's report. Scott Lingle was indicted on March 18, 1982, for the second degree murder of Janet McCleod. After extensive pretrial discovery, Lingle's first trial ended in mistrial on January 31, 1984, when the jury could not reach a verdict.
Pending the second trial, defense counsel obtained a subpoena duces tecum directing Officer Gilbert Luke of the New Orleans Police Department Crime Laboratory to produce the crime scene technician's report which he had prepared. LSA-C.Cr.P. art. 719.[1] The state's motion to quash the subpoena was granted because the trial court found no intent by the state to use the report at trial. A writ was denied by the Court of Appeal on the ground that LSA-C. Cr.P. art. 723[2] prohibits the inspection of such a report. This court granted an alternative writ requiring the district attorney either to respond to the subpoena duces tecum or have the trial stayed and the writ application granted.[3] 456 So.2d 1388 (La., 1984).
The crime scene technician's report prepared by officer Luke lists the photographs and physical evidence obtained at the *1048 scene. It also contains fingerprint information. There are diagrams indicating the dimensions of the house and yard where the murder occurred and the precise location of all evidence found at the scene.
Discoverable reports under Article 719 include those resulting from "physical or mental examination", as well as "scientific tests or experiments." The issue, therefore, is whether the report subpoenaed contains results of such examinations, tests or experiments which are either (1) intended for use at trial, or (2) exculpatory.
An underlying issue is whether discovery in criminal cases is to be strictly construed. The short answer is that criminal justice requires a fair construction, one that does not hide or conceal relevant evidence, and also does not afford an opportunity to raise false or specious defenses.
In State v. Walters, 408 So.2d 1337 (La., 1982) the state's argument for a strict construction of the discovery articles in the Code of Criminal Procedure was rejected. Production of the names and addresses of potential state witnesses was approved under the peculiar circumstances of the case. The court observed: "... a mainstay of concepts of fundamental fairness, due process, and the constitutional right to counsel [has been] that defendant and his attorney have the opportunity to prepare adequately for trial...." 408 So.2d 1337 at 1340. See also Jencks v. U.S., 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 103 (1957). Walters recognized the Federal Code of Criminal Procedure as the source provision for the Louisiana discovery articles.[4]
One purpose of Louisiana's criminal discovery is to afford the defendant a chance to prepare adequately for trial and to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Walters, supra; State v. Toomer, 395 So.2d 1320 (La., 1981). Indeed, the object of all of our criminal laws is to achieve justice:
"The provisions of this Code are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay." LSA-C. Cr.P. art. 2.
The objective[5] recordation of the crime scene as it physically existed before being dismantled is necessary for defense preparation[6] while discovery of its contents will not hamper the state's case.[7] The statutory interpretation urged by the state must be rejected in favor of a fair construction. The terms "physical or mental examination" and "scientific tests and *1049 experiments" in Article 719 include this crime scene technician's report.[8]
The state contends that it does not intend to use the report at trial although the diagrams were introduced at the first trial. The "intended for use at trial" language has been interpreted under the Federal Rules to include documents to be marked as evidence as well as those relied on or referred to by any government witness. U.S. v. Countryside Farms, Inc., 428 F.Supp. 1150 (1977). LSA-C.Cr.P. art. 725 requires defendant to disclose reports of physical examinations intended for use at trial and those "... prepared by a witness whom the defendant intends to call at the trial when such results or reports relate to his testimony."[9] The duty to disclose information by the defense may not be more burdensome than the reciprocal duty placed on the state.[10] Thus the "intended for use at trial" language in Article 719 must be read to include the requirement of Article 725 that reports be disclosed if related to the witness' testimony at trial. Luke testified at the first trial and it is likely that he will be called at the second trial and requested to testify about the examination he recorded in the crime scene technician's report. Therefore, consideration of whether the evidence is exculpatory is not necessary.
The Court of Appeal refused to supply the report for the additional reason that it was a "work product" of the prosecutor's case. The "work product" limitation in pretrial criminal discovery is provided in LSA-C.Cr.P. art. 723. It contains a list of the articles to which the limitation does not apply. Strict interpretation would render Article 719 meaningless. The Federal Rules[11] are drafted to limit the "work product" exception. "[I]t has no application whatsoever to a statement of defendant, defendant's prior record, or reports of examinations and tests since their discovery is authorized by subdivisions (A), (B) and (D) of Rule 16(a)(1)." Wright, Federal Practice and Procedure 2d, Vol. 2, § 254, p. 71. The Article 723 work product limitation does not apply to the discoverable results or reports provided the defense in Article 719.
For the foregoing reasons, the quashing of the order is set aside and the state is ordered to comply with the subpoena duces tecum.
DIXON, C.J., and LEMMON, J., concurs and assigns reasons.
MARCUS and BLANCHE, JJ., dissents and assigns reasons.
CALOGERO, J., recused.
*1050 DIXON, Chief Justice (concurring).
I respectfully concur.
Only because of our finding that this "crime scene report" is "necessary for defense preparation" do I agree that it is subject to discovery; it is, for that reason, discoverable under C.Cr.P. 718. I cannot subscribe to the interpretation of "physical examination" in C.Cr.P. 719 adopted by the majority.
LEMMON, Justice, concurring.
The report at issue, consisting of photographs and diagrams of the crime scene and the list and location of evidence obtained at the scene, is a method used by the district attorney to record and preserve the scene of the crime for use by investigators and expert witnesses. The defense has no access to the scene of the crime, which is completely under the control of the state until the scene is dismantled.[1] Therefore, the only way for the defense to obtain the critical information for use by his investigators and experts is to request the state to produce this immutable documentation of physical data reconstructing the scene. Since there is no other source for this information, fundamental fairness requires the state to disclose this information.
MARCUS, Justice (dissenting).
I disagree with the majority that the terms "physical or mental examination" and "scientific tests and experiments" in La.Code Crim.P. art. 719 includes the crime scene technician's report. Moreover, art. 719 applies only when the state intends to use the report at trial, which is not the case here. Article 725 applies when the "court grants relief sought by the defendant under Article 719." It does not apply when defendant is not entitled to relief under art. 719. Article 723 is the controlling provision in reference to discovery of the crime scene technician's report in the instant case. It provides with certain exceptions not pertinent here,[1] "this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case." The language could not be clearer. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
The majority points out that this Court must give a fair construction to the words of C.Cr.P. article 719 and then proceeds to hold "the terms "physical or mental examination" and "scientific tests and experiments" in Article 719 include the crime scene technician's report." There is no explanation for the holding and this writer is unable to supply one.
A fair reading of the phrase "physical or mental examination" indicates that the phrase refers solely to a physical or mental examination of the person. The information in the crime scene technician's report involves neither the physical or mental examination of anyone. Further, the report does not contain the results of any scientific tests or experiments. The interpretation given by the majority violates the clear wording of the statute.
The report is also not discoverable under C.Cr.P. 723 as it is the work product of a state agency prepared in connection with an investigation and does not fall within the exceptions outlined in that statute.
I respectfully dissent.
NOTES
[1] LSA-C.Cr.P. art. 719 provides:

"Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of physical or mental examination, and of scientific tests or experiments made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial."
[2] LSA-C.Cr.P. art. 723 provides:

"Except as provided in Articles 716, 718, 721, and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state."
[3] LSA-Const., Article V, § 5(A).
[4] State v. Walters, 408 So.2d 1337 at 1339.
[5] In contrast, the subjective report developed through investigative interpretation and examination of witnesses would not be discoverable. See State v. Martin, 376 So.2d 300 (La., 1979).
[6] The commentary to the A.B.A. standards relating to discovery and procedure before trial, § 2.1(a)(iv) (approved draft of the Federal Rules, 1970, pp. 66-67) justified disclosure under Rule 16(a)(1)(D) because it is "... practically impossible for the adversary to test or rebut at trial without an advance opportunity to examine it closely ... [A]nd it is virtually impossible for evidence or information of this kind to be distorted or misused because of its advance disclosure."

Federal Rules of Criminal Procedure, Rule 16(a)(1)(D) provides:
"(D) Reports of Examinations and Tests. Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results fr reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief, at the trial."
[7] The burden placed on the state is minimal because "... the threat of discovery would not seem to hinder the prosecution's efforts to obtain technical data, which will often be essential to the government's case, and the defendant will frequently be unable to duplicate this work." Developments in the Law-Discovery, 74 Harv.L. Rev. 940, 1061 (1961).
[8] The disjunctive "or" indicates that "physical examination" is not limited by any other language.
[9] LSA-C.Cr.P. art. 725 provides:

"When the court grants the relief sought by the defendant under Article 719 it shall, upon the motion of the state, condition its order by requiring that the defendant permit or authorize the state to inspect and copy, photograph or otherwise reproduce any results of reports, or copies thereof, of physical and mental examinations and of scientific tests or experiments, of a similar nature, made in connection with the case, that are in the possession, custody, or control of the defendant, and that the defendant intends to use as evidence at the trial or were prepared by a witness whom the defendant intends to call at the trial when such results or reports relate to his testimony."
[10] In Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) the court was concerned with an Oregon rule forcing the defendant to divulge alibi witnesses while not requiring reciprocal disclosure by the state. Resting its decision on fundamental fairness in the Due Process Clause of the Fourteenth Amendment, the court held the state could adopt a rule of reciprocity but could not enforce the one-sided rule; discovery must be a two-way street.
[11] Federal Rules of Criminal Procedure, Rule 16(a)(2) provides:

"Information Not Subject to Disclosure. Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500."
[1] If the crime scene could be left intact, a court certainly would order the state to permit a defense expert, under court-supervised conditions, to review and examine the scene and to conduct tests. See State v. Migliore, 261 La. 722, 260 So.2d 682 (1972).
[1] La.Code Crim.P. art. 718 provides subject to the limitation of art. 723 that the court shall permit inspection of objects which are within the possession, custody, or control of the state and which are favorable to the defendant and which are material and relevant to the issue of guilt or punishment. No such showing has been made here. Additionally, the photographs and other physical evidence to which the report refers were made available to defendant prior to trial.