482 So.2d 651 (1985)
STATE of Louisiana
v.
Rudolph A. BURGESS, Jr.
No. K-4655.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1985.
Rehearing Denied February 26, 1986.
*652 Patricia Head, Asst. Dist. Atty., New Orleans, for plaintiff-appellant State of La.
Robert Glass, Glass & Reed, New Orleans, for defendant-appellee Rudolph A. Burgess, Jr.
Before REDMANN, C.J., and BARRY and LOBRANO, JJ.
LOBRANO, Judge.
On defendant's application we grant certiorari and having already requested and obtained a response from the state we now reverse a refusal of discovery.
Realtor issued a subpoena duces tecum to Criminalist Krone which requested the following:
"notes, diagrams, machine printouts and other records of the results of the scientific tests and experiments made in connection with this particular case."
He also issued a subpoena duces tecum to Firearms Examiner Stubbs to produce his:
"examiner's notes, diagrams, charts, photographs or other recordations and representations of the results of the scientific examinations performed by him on the evidence in this particular case."
These requests were based on La. C.Cr. Pro. Article 719, which provides:
"Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies *653 thereof, of physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial."
In response thereto the State produced the typewritten conclusionary opinion reports of the two experts, but moved to quash the subpoenas requesting the other information. The trial court quashed the subpoenas for the following reasons:
"This Court believes that Article 719 applies not to testimony but to physical documents or physical tests or reports or graphs. The whole question is, `What do results mean?' This Court is going to rule that results mean the ultimate result, not all of the combined tests that might go into coming to an ultimate result or report. If the State does not intend to introduce these physical documents at trial, the Court believes that Article 719 says that the defense would not be entitled to these. The Court believes that, in effect, these are the work product of the criminalists which they then use to come to some ultimate result and/or report, so the Court is going to grant the motion to quash as to Charles Krone and Otho Stubbs."
Relator seeks review of the trial court's ruling. He argues that the intent of Article 719 requires the State to produce all of the examination and test results that form the basis for the expert's conclusionary report. He further argues that the language "intended for use at trial" as set forth in Article 719 means not only the actual opinion or report introduced at trial, but also those test results which form the basis of that opinion. Finally he argues that the "work product limitation" of Article 723[1] is not applicable because strict interpretation of that article would render Article 719 meaningless, citing State v. Lingle, 461 So.2d 1046 (La.1985).
The issue for our determination is the correct interpretation of the phrase "results or reports" as used in Article 719.
"One purpose of Louisiana's criminal discovery is to afford the defendant a chance to prepare adequately for trial and to eliminate unwarranted prejudice which could arise from surprise testimony." State v. Lingle, supra at 1048.
In Lingle, our Supreme Court held that a crime scene technician's report fell within the scope of Article 719 and ordered its production. The Court reasoned that the recorded crime scene as it physically existed before being dismantled would be necessary for defendant's trial preparation, and discovery of its contents would not hamper the state's case. We find particularly pertinent to the case before us, the Supreme Court's reference in a footnote to the commentary to the A.B.A. standards relative to discovery. That commentary justified disclosure because it is "... particularly impossible for the adversary to test or rebut at trial without an advance opportunity to examine it closely ... [A]nd it is virtually impossible for evidence of this kind to be distorted or misused because of its advance disclosure." Lingle, supra at footnote 6.
We are of the opinion that disclosure of the various examination and/or test results used by an expert to formulate his conclusionary opinion is necessary for defendant's adequate preparation for trial, particularly the cross-examination of that expert. Fundamental fairness and due process require that the defense be given the opportunity, prior to trial, to examine the basis from which an expert reaches his conclusion. Certainly when the expert testifies he must lay the proper foundation *654 before he gives his opinion. We find no reason why that foundation should not be disclosed to the defendant prior to trial. That information cannot be changed or distorted prior to trial, nor would it afford an opportunity to raise false or specious defenses.
We are aware that in State v. Martinez, 432 So.2d 1201 (La.App. 4th Cir.1983) writs denied, 435 So.2d 439 (La.1983) we held that the analytical methods of the State's chemists were not subject to discovery. However, we distinguish that case because there the defendant was given a sample of the evidence tested (cocaine) and was able to adequately prepare. In the instant case, he does not have that opportunity.
We agree with relator that the language "intended for use at trial" in Article 719 does not preclude discovery. Even though only the final conclusionary report will actually be received in evidence, all of the test or examination reports and/or results that were relied on or referred to by the expert to reach his conclusion will be indirectly, if not directly, used at trial.
Furthermore, Article 723 is inapplicable. "The Article 723 work product limitation does not apply to the discoverable results or reports provided the defense in Article 719" State v. Lingle, supra.
For the above and foregoing reasons, we reverse the ruling of the trial court denying discovery.
REVERSED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting.
The subpoenas were requested under C.Cr.P. art. 719 which provides:
Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial.
The trial court quashed the subpoenas for the following reasons:
1) The notes and other records of Krone and Stubbs were not discoverable since they were not intended for use at trial.
2) The test results are the "work product" of the State, immunized from discovery under C.Cr.P. art. 723.
3) C.Cr.P. art. 719 speaks only to ultimate results, not all the tests that might go into arriving at the ultimate result or report.
The language "intended for use at trial" is not meaningful unless read in the context of the sentence in which it appears. If read separately the words would imply that anything intended for trial is discoverable. The sentence, pared, provides that on motion the defense is entitled to "any results or reports, of examination(s) tests or experiments... that are ... intended for use at trial." The test for whether an item is discoverable, then, is whether the desired item is a result or a report intended for use at trial. The question becomes what items do the words "report" and "result" include. This determination is the same one that the trial court's third argument addressed.
The defendant supports the "intended for use at trial" argument with State v. Lingle, 461 So.2d 1046 (La.1985). Lingle held that a crime scene technician's report was discoverable where the technician would probably testify about his examination. Lingle does not solve the issue presented here since it does not address what the "report" might include. It simply holds that a witness' report is discoverable when it is related to his testimony. In the instant case the reports of the two witnesses have been given to the defendant. Lingle does not require more.
The second reason is that test results are the work product of the State, immunized *655 from discovery under C.Cr.P. art. 723. In Lingle the court stated: "The Article 723 work product limitation does not apply to the discoverable results or reports provided the defense in Article 719." Lingle, 461 So.2d 1049 at 1049. Thus, the second reason is incorrect.
The third reason is that "results mean the ultimate result, not all of the combined tests that might go into coming to an ultimate result or report."
In State v. Martinez, 432 So.2d 1201 (La.App. 4th Cir.1983), the defendant was charged with possession of cocaine and sought to require the State to disclose the analytical techniques, the type of tests employed by the State's chemists on the contraband. The trial court denied discovery and we held:
Defendant's arguments concerning discovery of the identity of the scientific tests on the contraband are groundless. The State has furnished defendant with a copy of a "Report of the Crime Laboratory" indicating a positive result for cocaine, and a sample of the contraband for his own independant (sic) testing. Under these circumstances, absent a showing of prejudice to defendant, we find no error in the trial judge's refusal to permit further discovery of the analytical methods of the State's chemists. See C.Cr.P. Art. 719. Martinez, 432 So.2d at 1202.
The Supreme Court denied writs. State v. Martinez, 435 So.2d 439 (La.1983). Thus, it appears that a "Report of the Crime Laboratory" satisfies the C.Cr.P. art. 719 mandate that "reports" or "results" of examinations, tests and experiments be made available to the defense. Further discovery of the State's analytical methods is not required.
The defendant's argument that "reports" or "results" include documents in which procedures are recorded and the data resulting from those procedures is without merit.
NOTES
[1] La.C.Cr.Pro. Art. 723 provides:

"Except as provided in Articles 716, 718, 721 and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or by statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state."