BARRY, Judge.
These two juvenile petitions [1] allege illegal possession of a Schedule II narcotic, cocaine. The defense requested and the trial court ordered the State to produce:
all manufacturer’s manuals for the instruments) used to analyze the substance (Item 3);
all service records (dated thirty days pri- or to the tests) of those instrument(s) utilized (Item 4);
all quality control documents (dated thirty days prior to the tests) on instruments) used to analyze the substance (Item 5);
all laboratory employment guidelines which describe the minimum job requirements for employees who perform tests (Item 7).
According to C.J.P. Art. 59, discovery in juvenile proceedings is governed by the Louisiana Code of Criminal Procedure. C.Cr.P. Art. 718 provides:
*1063 Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or portions thereof, which are within the possession, custody, or control of the state, and which:
1. are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
2. are intended for use by the state as evidence at the trial, or
3. were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.
La.C.Cr.P. Art. 719 provides:
Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph, or otherwise reproduce any results or reports, or copies thereof, of physical or mental examination, and of scientific tests or experiments, made in connection with or material to the particular case, that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence shall be produced under this article even though it is not intended for use at trial.
The State has declared that the documents at issue are not intended for use at trial and the documents were not obtained from or belong to the defendant. Hence, Art. 718(1) is applicable. Under C.Cr.P. Art. 718(1) the court shall order the district attorney to permit the defendant to inspect and copy documents which are within the possession, custody, or control of the State and are favorable to the defendant and are material and relevant to the issue of guilt or punishment. The requested documents which relate to the instruments used to perform the tests and the qualifications of lab technicians clearly do not fall under the article.
C.Cr.P. Art. 719 requires that the court order such defense inspection as to “any results or reports ... of scientific tests or experiments” that are in the possession, custody, control, or knowledge of the district attorney and intended for use at trial. Exculpatory evidence must be produced even if it is not intended for use at trial. The requested documents do not fall within this article.
State v. Burgess, 482 So.2d 651 (La.App. 4th Cir.1985), cited by the defense is not on point. The Burgess panel (with J. Barry dissenting) held that disclosure of the various examination and/or test results used by an expert to formulate his opinion was necessary for the defendant’s trial preparation. Here, the State notes it gave the defense a copy of the crime lab report and made the seized contraband available for defense inspection and tests. The defense did not request further test or examination results or reports.
This Court has also held that the trial court’s refusal to allow defense discovery of analytical techniques (type of tests or identity of tests) employed by the State’s chemists was not error. State v. Martinez, 432 So.2d 1201 (La.App. 4th Cir.1983), writ denied 435 So.2d 439 (La.1983).
The criminal discovery articles and the jurisprudence do not entitle the defendant to inspect the requested documents. The ruling of the trial court which orders Items 3, 4, 5, and 7 of the motion to produce is reversed.
WILLIAMS, J., dissents with reasons.

. The State consolidated case nos. 91-018-14-Q-A and 90-106-07-Q-A, two petitions which allege cocaine possession by H.B., because both contained identical defense motions for production which are attached to the application along with a March 12, 1991 minute entry in each case indicating the court’s ruling and the State’s oral intent to file writs. The transcript relates only to no. 91-018-14-Q-A, but the consolidation for the purpose of taking writs was noted and the same ruling was given in no. 90-106-07-Q-A.