PLOTKIN, Judge.
The res nova issue presented in this writ application is whether a defendant is entitled, after the State produces a summary of the defendant’s oral statements, to the production of the recorded notes prepared by the investigator.
On August 5, 1993, the four defendants were each charged with one count of first degree murder. When they were arraigned on August 18th, all four pled not guilty. Evidence presented at a February 4, 1994 motion hearing revealed that the documents produced by the State as statements taken from each of the defendants by FBI agents were actually summaries of the defendants’ statements made from notes taken by the agents while they were interviewing the defendants. The court granted the defendants’ request for the production of these notes. The State applied for supervisory writs in this court, seeking relief from this ruling.
The statements provided to the defendants were actually summaries of their statements to FBI agents in Texas. The agents testified that, following the standard procedure used *1254 by the FBI, they did not record the statements made by the defendants, but rather interviewed the suspects and took notes, from which they prepared summaries of the statements. The summaries were then shown to other agents who were present when the statements were taken, after which necessary corrections or additions were made. The finished product is called a “FD-302.” When the defendants learned of the procedure used by the FBI agents to make the summaries, they moved for production of the contemporaneous notes made by the agents at the time their statements were given. The trial court granted this request.
|2The La.C.Cr.P., Title XXIV entitled Procedures Prior to Trial, Chapter 5, Discovery and Inspection, arts. 716-723 (Part A) regulate “Discovery by the Defendant.”
Statements of the defendant are specifically governed by art. 716, which reads as follows:
A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
These provisions are unequivocal in their meaning. Art. 716(A) entitles defendant’s to their written or recorded confession or statement of any nature. Art. 716(B) entitles a defendant to learn of the existence of any oral statement the State intends to offer in evidence. Art. 716(C) entitles a defendant to the substance of any oral statement made by the defendant which the State intends to use at trial. Consistent with art. 716 is art. 723, which specifically does not exempt from discovery or inspection the reports, memoranda or other internal State documents made by agents of the State relating to statements made by the defendant. Interview notes of a state agent of the defendants questioning fall within the scope of these articles.
Initially, we find that the State’s voluntary production of the FD-302 summaries of the statements given by the defendant’s to the FBI agents, satisfy the mandates of art. 716(C).
The trial court noted that it was ordering the production of the agents’ notes pursuant to State v. Lingle, 461 So.2d 1046 (La.1985). In Lingle, the court ordered the production of a crime scene technician’s report, which included a list of photographs and physical evidence obtained at a murder scene, fingerprint information, and diagrams indicating the dimensions of the area where the murder occurred and the precise location of all evidence found there. The court found that this report was discoverable under La. C.Cr.P. art. 719 as a report of examinations and tests made in connection with the case and intended for use at trial. The court interpreted the phrase “intended for use at trial” as including not only situations where the report is actually introduced at trial, but also those situations where the report is relied upon or referred to by State’s witnesses. The court also rejected this court’s finding that the report was exempt from discovery under La.C.Cr.P. art. 723, as a work product of the State, finding that because the report was discoverable under art. 719, the fact that it was also a “work product” of the State would not render it inadmissible under art. 723. Lingle does not control the issue herein.
*1255 The State cites State v. Clark, 581 So.2d 747 (La.App. 4th Cir.1991), writ den. 590 So.2d 63 (1991), where this court refused to order the production of witnesses’ statements made to the police. This court held that such statements were not discoverable under art. 723. In addition, the court noted that the trial court conducted an in camera inspection of the statements and must not have found any exculpatory evidence because the statements were not produced.
In the instant case, the trial judge ordered the State to produce the notes that related to “comments attributed to the defendant’s [sic] during the course of the alleged interviews.” A review of the transcript reveals the reason for the disclosure. The FBI agents interviewed the defendants, made notes that recorded the substance of the defendants’ statements which they then discussed with other agents. Thereafter, they prepared formal summaries of the defendants’ alleged statements. The recorded statements were not verbatim transcripts taken from the defendants. Furthermore, the agents conceded that parts of the recorded statements omitted statements contained in their notes.
We hold that the contemporaneous unedited notes prepared by the FBI agents are subject to inspection and discovery pursuant to the letter and spirit of art. 716(C). Summaries of the defendants’ oral statements may have been edited, revised or amended. A review of the original notes will insure that when the State introduces the defendants’ oral statements they will be accurate, reliable and trustworthy.
I .(However, the notes may contain comments or opinions that do not relate to statements made by the defendants. Thus, the State is entitled to an in camera inspection by the court to determine the relevant portions of the notes that do not relate to each defendant’s statement. The defendants are entitled to inspection and discovery of any note that reflects the substance of any oral statements made to the agents plus any Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) material.
Accordingly, the supervisory writs are denied in part and granted in part. The State is ordered to produce for inspection and copying, the agents notes that formed the basis for their FD-302 summaries, plus any Brady material contained therein.
The trial court is ordered to conduct an in camera inspection of the notes to determine if they contain evidence, comments, or opinions that are not related to the alleged statements by each defendant.