LBROWN, J.
This pretrial application for supervisory writ arises from a pending criminal case. The state seeks reversal of a trial court order which requires the state to provide the defense with a copy of an investigator’s notes from a conversation during which defendant confessed to aggravated rape.

Background

The state charged defendant with the aggravated rape of a four-year-old child and is seeking the death penalty. During a custodial interrogation, a D.A’s investigator took notes while defendant made an oral confession. The state provided the substance of the confession during discovery, but did not furnish copies of the investigator’s notes. The defense moved for production of the notes. The trial court ruled that “if the State of Louisiana wishes to introduce the substance of the oral statements made in the presence of Ms. McGowan it must produce a copy of her notes to the defendant.”

Discussion

La.C.Cr.P. art. 716, Statements by the defendant, provides:
(A) Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
(B) Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
U(C) Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
As noted above, La.C.Cr.P. art. 716(C), pertaining to discovery of oral confessions, requires the state to disclose the “substance” of the statement to the defense. This issue was addressed by the supreme court in State v. Hooks, 421 So.2d 880 (La.1982). In Hooks, the supreme court held “all that is required for notice under [Article 716(C) ] is the substance of the statement made. Substance is defined as the essential element or essence of a thing.”
This requirement has been met in this case. The state has given the defense the substance of the oral confession in open court through the testimony of its investigator. Thus, the district court’s order requiring the state to provide a copy of the investigator’s notes concerning the oral *1274 confession is overly broad and is hereby reversed.[1]

Conclusion

WRIT GRANTED AND MADE PEREMPTORY.
STEWART, J., concurs.

. The only case upon which the district court based its ruling is State v. Mims, 94-0333 (La.App. 4th Cir.05/26/94), 637 So.2d 1253. In Mims, FBI agents interviewed the defendants, took notes of the conversation and then prepared summaries. In requiring that the state produce the notes of the investigators, the court noted that the FBI agents had compared notes and discussed the summaries with other persons before actually writing the summaries; furthermore, they had omitted some matters. In the instant case, the investigator testified to the substance of the confession in court. She did not make a written summary. There is no indication that anything was omitted. The district court conducted an in camera inspection of the notes and determined that there was no exculpatory material in the notes.