MOORE, J.
LThe appellant was convicted in a jury trial of second degree murder and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He timely appeals, *817 assigning two conviction errors. We affirm.
FACTS
On October 11, 2003, the victim, Gary Haywood, was asked to leave the Old School Lounge in Tallulah because he was being a nuisance. Later that evening, the appellant and Haywood were seen talking outside the lounge when suddenly they began fighting. While no one witnessed the actual stabbing, two bystanders took hold of the appellant, who was holding a knife. One of the men told the appellant to drop the knife, and he told the victim to run.
The victim ran to a nearby residence and banged on the door for help. When officers responded to the call, the victim was found unconscious near the residence. He was pronounced dead at an area hospital. He had been stabbed in the chest and left arm. The autopsy revealed that death was due to hemorrhaging from the 3 ½ inch stab wound in the chest of the victim that incised the lung and the heart.
The record shows that after the stabbing, the appellant went home, told his wife he had stabbed someone, washed his knife and took his vehicle to his brother’s house. He was subsequently arrested just hours after the stabbing by police investigators, and he made an unrecorded oral statement regarding his involvement in the incident. The knife was never found, although a holster or sheath was found in a drawer where the defendant told 12investigators the knife could be found.
After being advised of his rights, appellant signed a waiver and gave an oral statement to investigators. Appellant stated that the victim owed him about $100 for which he had confronted the victim. He said that during the incident he thought the victim had something behind his back, so he went to his vehicle and got his knife. He stated he stabbed the victim in the chest but did not mean to cut him “that bad.”
Prior to trial, the appellant unsuccessfully attempted to have the statement suppressed. He was tried and convicted of second degree murder, which carries a mandatory life sentence without benefit of probation, parole, or suspension of sentence. Appellant filed the instant appeal, alleging two assignments of error.
Discussion
By his first assignment of error, appellant alleges the trial court erred in ruling that the state’s case agent’s notes were work product and not subject to discovery without first making an in camera inspection to determine whether they contained exculpatory material. He argues that the record makes it impossible to know whether or not notes made by the detective “would have made a difference in the effect of the defendant’s confession.” He contends that the notes should have been furnished either to the trial court for inspection or to the defendant for impeachment purposes, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
|aThe state contends that the detective heard appellant’s statement and made notes “to help him remember the contents” of the confession. It argues that they are the detective’s work product, and it is under no duty to disclose them because they contain nothing exculpatory. The state also argues that the disclosure of the officer’s personal notes would not have changed the outcome of the trial since there were other witnesses who testified about the stabbing.
Louisiana Code of Criminal Procedure Article 716 provides:
A. Upon motion of the defendant, the court shall order the district attorney to *818 permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
La. C. Cr. P. art. 718:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are •within the possession, custody, or control of the state, and which:
L(l) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3)’were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.
La. C. Cr. P. art. 723:
Except as provided in Articles 716, 718, 721, and 722, this Chapter does not authorize the discovery or inspection of reports, memoranda or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state.
A contradictory hearing was held outside the jury’s presence during the trial regarding whether the notes were discoverable. The detective was questioned about the notes he had made regarding the appellant’s oral statement.
Although counsel did not raise the issue of whether the notes contained any exculpatory information, the issue was raised during the hearing on the motion to suppress the statement when counsel asked the investigator if the appellant had told him he was defending himself from Haywood, who “had a reputation of beating folks, taking their money and hurting them.” The investigator replied no. The record does not show that the defense attorney asked the trial court to do an in camera inspection of the notes.
| sIn State v. McKinnie, 35,591 (La.App. 2 Cir. 8/30/01), 793 So.2d 1272, this court stated:
As noted above, La. C. Cr. P. art. 716(C), pertaining to discovery of oral confessions, requires the state to disclose the “substance” of the statement to *819 the defense. This issue was addressed by the supreme court in State v. Hooks, 421 So.2d 880 (La.1982). In Hooks, the supreme court held “all that is required for notice under [Article 716(C)] is the substance of the statement made. Substance is defined as the essential element or essence of a thing.” This requirement has been met in this case. The state has given the defense the substance of the oral confession in open court through the testimony of its investigator. Thus, the district court’s order requiring the state to provide a copy of the investigator’s notes concerning the oral confession is overly broad and is hereby reversed.
The facts in State v. Perkins, 337 So.2d 1145 (La.1976) present the same issue. That court said:
Louisiana jurisprudence supports the proposition that a defendant in a criminal prosecution has no right of full pretrial discovery. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), U.S. cert. denied 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374 (1967); State v. Pailet, 246 La. 483, 165 So.2d 294 (1964). This Court has made exceptions for written confessions (State v. Dorsey, 207 La. 928, 22 So.2d 273 (1945)), videotaped recordings of a confession (State v. Hall, 253 La. 425, 218 So.2d 320 (1969)), and tape recorded confessions (State v. Bendo, La., 281 So.2d 106 (1973)). However, we have repeatedly refused to extend these exceptions to include oral confessions or oral inculpa-tory statements. See State v. Major, La., 318 So.2d 19 (1975); State v. Watson, La., 301 So.2d 653 (1974); State v. Sears, La., 298 So.2d 814 (1974); State v. Lawrence, La., 294 So.2d 476 (1974); State v. McLeod, La., 271 So.2d 45 (1973); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972), U.S. cert. denied 410 U.S. 944, 93 S.Ct. 1378, 35 L.Ed.2d 610 (1973).
Thus, the resolution of this issue depends on the classification of the oral statement ultimately reduced to writing by the undercover agent as an oral in-culpatory statement or a written incul-patory statement. In State v. Hall, supra, this Court reasoned that to constitute a written inculpatory statement, the writing must be one to which the accused himself subscribes. Under this principle, we believe |fithat the present statement must be classified as an oral one, since at no point did the defendant subscribe to the agent’s written report. Hence, it is not subject to pretrial discovery.
The purpose of discovery rules in criminal trials is to eliminate unwarranted prejudice from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981); State v. Williams, 25,835 (La.App. 2 Cir. 2/23/94), 632 So.2d 893; State v. Gantt, 616 So.2d 1300 (La.App. 2 Cir.1993), writ denied, 623 So.2d 1302 (La.1993). In this instance, there was no surprise. The defense knew early on what the appellant had told the investigators and the witness was subject to cross-examination by appellant.
This assignment of error is without merit.
By his second assignment of error the appellant contends that the trial court erred in determining that defendant had not suffered any injustice in his trial and that he was not entitled to a new trial. Appellant argues that because Calvin Brown changed his testimony at trial and stated he perjured himself in his prior testimony at the preliminary examination hearing, he should have been granted a new trial. He states that the witness’s change in testimony is suspicious since it *820 came after a lead investigator spoke to the witness while he was “in the parish jail for a crime he did not commit.” Appellant contends that this witness’s original testimony corroborated another defense witness’s testimony regarding the victim’s aggressive acts.
The state contends that the witness testified he had been coached by the defense counsel to perjure himself at the prior hearing. Since the defense attorney attacked the credibility of his own witness, the jury knew of the prior testimony regarding the victim’s behavior. Thus, the jury was 17able to determine the credibility of this witness and decide whether or not to accept or reject the testimony. The state asserts that this court’s review does not allow a re-assessment of the credibility of a witness. .
La. C. Cr. P. arts. 851 and 858 govern motions for new trial. La. C. Cr. P. art. 851 reads:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or ■judgment; or
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
La. C. Cr. P. art. 858 reads:
' Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law.
|sThe record discloses that Calvin Brown testified at the preliminary hearing that he saw the victim come up behind the appellant as the appellant opened his car door and heard the victim tell the appellant that he did not have anyone to protect him now. When called as a defense witness at trial, Brown stated he did not see anything “go on between” the victim and the appellant. The defense then used the transcript of the prior hearing to impeach his testimony. On cross-examination, Brown admitted he was not there during this fight.
The defense attorney filed a motion for new trial listing 17 grounds. The ones relating to this assignment of error are:
(1) The Court’s ruling on April 28, 2005, which admitted contradictory testimony of Officer James Rash and did not allow this testimony to be impeached by the preliminary examination testimony of Calvin Brown, denied the Accused the ■ right of confrontation, cross examination and to present the defense of self-defense on the State’s case-in-chief and this ruling was prejudicial error.
(7) On April 28, 2005 the Court ruled that the statements made by Calvin *821 Brown were admissible hearsay; this ruling was prejudicial error.
(10) Defense counsel filed for a fast and speedy trial. Prior to the commencement of trial on April 25, 2005, the State’s witness, Gerald Dale Simpson, had a charge dropped for testifying for the State and just before Calvin Brown, a defense |nwitness, was called to the witness stand, the State dropped charges against him, he turned into a State’s witness and perjured himself for the State. These actions by the State of Louisiana reinforce the point that the Court’s denial of the Accused’s Motion for a Continuance was prejudicial error.
(15) The conviction of the Accused based upon the internally perjured testimony of Calvin Brown, which was disclosed minutes before he took the witness stand, works a substantial injustice upon the Accused and is fundamentally unfair so much so until the Accused is entitled to a new trial although as a matter of strict legal right he may not be so entitled.
Appellant presented no evidence at the hearing on the motion for new trial. After having the trial court issue another subpoena to have Calvin Brown brought to the hearing, the defense counsel stated on the record that he was not calling Brown as a witness because Brown did not “understand the difference in an oath and perjury.” In its ruling, the trial court pointed out that Brown testified at trial and was “cross examined” by the defense[1] and denied the motion finding there was “insufficient allegations or proof of grounds.”
In State v. Credeur, 328 So.2d 59 (La. 1976), the supreme court found that the appellant was not entitled to a new trial even though a witness testified at the hearing on the motion for a new trial that his prior Imtrial testimony was false and perjured. At trial, the 13-year-old son of the defendant had been a key witness for the state who testified he had witnessed an act of unnatural copulation by his father with his sister. A few days after the defendant was convicted, defense counsel received a telephone call from the boy in which he stated that his trial testimony was false. The telephone conversation was recorded and was admitted into evidence at the hearing on the motion for a new trial. When pressed by the trial judge and district attorney as to which time he was telling the truth-in court or during the telephone conversation-he replied, “I can’t answer that.” The trial court found that this testimony did not repudiate the boy’s previous trial testimony and denied the motion for new trial.
Here there was no new evidence to show that Brown had been forced to change his testimony. At the trial, the jury heard the prior statement Brown made as well as the allegations regarding why Brown was not testifying to the same effect at that time. There is nothing to indicate that there was any injustice done to the appellant as a result of this defense witness’s testimony.
Further, it should be noted that Brown’s prior statement showed only that the victim may have initially been the aggressor, but it did not contain enough information to support a finding that this stabbing was in self-defense.
This assignment lacks merit.

_J¿¿Error patent

This record shows that the trial court erred in sentencing the appellant immediately after denying the motions for *822 post-verdict judgment of acquittal and new trial since the appellant did not waive the 24-hour waiting period. La. C. Cr. P. art. 878 reads: , .
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the .motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
As in State v. Cooper, 2003-161 (La.App. 3 Cir. 12/23/03), 862 So.2d 512, writ denied, 2004-0236 (La.6/4/04); 876 So.2d 74, this error appears to be harmless. The appellant received the mandatory life sentence for second degree murder. Since the record also shows that the trial court had “looked carefully at the information contained” in the PSI theré does not appear to be any prejudice in the expedited sentencing.
Conclusion
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Brown was called by the defense, not the state, and was thus questioned on direct and re-direct,